UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETH JOHN WILCOX,<br><br>                    Petitioner,<br><br>     v.<br><br>JEFFREY UTTECHT ,<br><br>                    Respondent. | CASE NO. 3:21-cv-05717-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

*Pro se* petitioner Seth Wilcox seeks 28 U.S.C. § 2254 habeas relief for his 2018 Cowlitz County convictions for two counts of first-degree child rape and three counts of first-degree child molestation. He raises three grounds for relief based on his Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process: (**1**) the trial court improperly limited cross-examination of witness Jamie Barnard about her live-in boyfriend's record as a registered sex offender; (**2**) the trial court improperly permitted an expert witness to testify generally about behaviors of children who had suffered from sexual abuse; and (**3**) the trial court committed cumulative error based on the first two grounds and the State's conceded error regarding exceptional sentence jury instructions. Dkt. 5, at 5–9; *see* Dkt. 13, at 25–30 (detailing cumulative error argument). The Court finds that petitioner has failed to demonstrate that the state-court decision was contrary to, or involved an unreasonable application of, clearly established federal

REPORT AND RECOMMENDATION - 1

law according to Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d)(1)–(2). All three grounds lack merit and the Court need not refrain from addressing the unexhausted ground 3 because the claim of cumulative error is not a colorable constitutional claim as it is based on Grounds 1 and 2 and an instructional error addressed and remedied by the state appellate court. The Court recommends **DENYING** petitioner's § 2254 habeas petition and **DISMISSING** the petition with prejudice. The Court also recommends **DENYING** an evidentiary hearing, petitioner's pending motions (**Dkts. 14, 15**), and the issuance of a certificate of appealability.

## BACKGROUND

The Washington Court of Appeals summarized the relevant facts:

> Wilcox and Jamie Barnard had four children during their 17-year relationship including OW, the oldest daughter. That relationship ended, and in 2013 Wilcox was living with Cynthia Reynolds. The four children lived with Wilcox and Reynolds until December 2014.
>
> In December 2014, Wilcox and Barnard's children went to live with Barnard. Six months later, Barnard moved with the children to South Dakota. Reynolds and Wilcox ended their relationship in 2015.
>
> In May 2017, Reynolds and OW started communicating online. OW revealed to Reynolds that Wilcox had sexually abused her in early 2014 when she was 11 years old. Reynolds contacted law enforcement, who then contacted Barnard. Barnard confirmed with OW that Wilcox had abused her.
>
> The State charged Wilcox with two counts of first degree child rape and three counts of first degree child molestation and it provided notice of its intent to seek an exceptional sentence.
>
> Before trial, Wilcox asked to admit evidence that Barnard was living in South Dakota with a registered sex offender, arguing that it would show that she understood the consequences of sex

REPORT AND RECOMMENDATION - 2

offender registration and that Wilcox's conviction would all but ensure that she would get exclusive custody of the children. The trial court did not allow the specific cross-examination Wilcox requested, but the court allowed Wilcox to ask Barnard if she understood sex offender registration requirements.

At trial, OW testified to five different instances when Wilcox sexually abused her. Reynolds testified that when the children were living with her, she noticed that OW began layering her clothing, acting out, and quit doing artwork, which had been her passion. In addition, she testified that Wilcox gave OW the same type of perfume that Reynolds used. Barnard also testified about OW layering her clothing, having emotional outbursts, and getting gifts from Wilcox.

The State called as an expert witness Kristen Mendez, a forensic interviewer with extensive experience with children who had been sexually abused. Wilcox objected because Mendez had not interviewed OW. The trial court allowed Mendez to testify. Mendez admitted that she did not interview OW. But she offered general testimony about behavioral changes in children suffering from abuse. She explained layering, gifting, behavioral changes, and reasons for delayed disclosure.

Wilcox testified that the allegations were not true, that he never had abused OW, and that he was upset when Barnard took the children out of state without his knowledge or permission.

The trial court instructed the jury that if they found Wilcox guilty, they were to determine two aggravating circumstances: if the crime was part of an ongoing pattern of sexual abuse and/or if the crime was an aggravated domestic violence offense. The court instructed the jury that "An 'ongoing pattern of sexual abuse' means multiple incidents of abuse over a prolonged period of time. The term 'prolonged period of time' means more than a few weeks." Clerk's Papers at 162. The same definition was included in the aggravated domestic violence instruction.

The jury found Wilcox guilty of all five charged counts, and found that both aggravating circumstances existed. Based on the aggravating factors, the trial court imposed an exceptional sentence.

Dkt. 12-1 (State Court Record) [hereinafter "SCR"], at 21–22. The state appellate court rejected petitioner's arguments that the trial court had violated the Sixth Amendment by not permitting

REPORT AND RECOMMENDATION - 3

cross-examination of Ms. Barnard regarding her live-in boyfriend's status as a registered sex offender (**federal Ground 1**) and by allowing expert witness Ms. Mendez to testify generally about behavioral changes in children suffering from sexual abuse (**federal Ground 2**). SCR, at 23–28. The state appellate court reversed the exceptional sentence because, as the State conceded, it was a violation of the state constitution for the trial court to have instructed the jury regarding aggravating factors by defining "prolonged period of time" as "more than a few weeks." SCR, at 27–28 (citing *State v. Brush*, 353 P.3d 213 (Wash. 2015)); *see* WASH. CONST. art. IV, § 16; RCW 9.94A.535(3)(g); RCW 1.94A.535(3)(h)(i).[1] In October 2020, the Washington Supreme Court denied petitioner's petition for review without comment. SCR, at 147. In September 2021, petitioner submitted his current habeas petition, including for the first time a claim of unconstitutional cumulative error (**federal Ground 3**).[2] Dkt. 1.

## DISCUSSION

Petitioner asserts three violations of the Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process: (**1**) the trial court erred by limiting cross-examination of Ms. Barnard regarding her live-in boyfriend's status as a registered sex offender; (**2**) the trial court erred by allowing Ms. Mendez's expert testimony about the general behaviors of sexually abused children; and (**3**) cumulative error based on (**a**) the limitation on cross-examining Ms. Barnard, (**b**) the admission of Ms. Mendez's expert testimony, and (**c**) the state appellate court's acknowledgment that the trial court inappropriately commented on the evidence

---

[1] The State conceded that the pattern jury instructions defining "prolonged period" as "more than a few weeks"—an element of aggravating factors that would justify an exceptional sentence—violated state law by allowing the trial court to comment inappropriately on the evidence. SCR, at 92.

[2] In 2019, petitioner filed a § 2254 habeas petition during the pendency of his direct appeal that was dismissed without prejudice for failure to exhaust state remedies. *Wilcox v. Uttecht*, C19-5297-RBL (W.D. Wash., closed Sept. 3, 2019).

REPORT AND RECOMMENDATION - 4

by permitting jury instructions that defined a "prolonged period" as "more than a few weeks" when setting forth aggravating factors that would support an exceptional sentence. Dkt. 5, at 5–9; Dkt. 13, at 25–30. All three claims lack merit. Although petitioner did not raise the unexhausted Ground 3 claim of cumulative error in state-court proceedings, the Court need not refrain from addressing the claim because it is not a colorable constitutional claim and is based entirely on the meritless Grounds 1 and 2 combined with a state-law error addressed and remedied by the state appellate court.

### 1. Limitation on Cross-Examining Ms. Barnard

Petitioner contends that the trial court erred by limiting cross-examination of Ms. Barnard by excluding evidence that she lived with a registered sex offender. He argues that the restriction prevented him from showing that Ms. Barnard had a motive to lie in that, were he convicted, she would have unfettered custody of their children. The Court finds that petitioner has failed to demonstrate that the state appellate court's rejection of his claimed constitutional violation was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.

A criminal defendant has the right to confront and cross-examine the prosecution's witnesses in order to present a defense. *Chambers v. Mississippi*, 410 U.S. 284, 301 (1973). That right is not, however, absolute; the Constitution guarantees "'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)) (emphasis in original). "[T]rial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based upon concerns about, among other

REPORT AND RECOMMENDATION - 5

things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall*, 475 U.S. at 679. Even if a constitutionally improper denial of a defendant's right to cross-examine a witness has occurred, it remains subject to a harmless error analysis that explores a host of factors, including "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." *Id.* at 684.

      The Washington Court of Appeals noted that while a criminal defendant has a federal constitutional right under the Sixth and Fourteenth Amendments to present a defense, a defendant had no constitutional right to present inadmissible evidence. SCR, at 25. The trial court reasoned that the evidence that Ms. Barnard was living with a registered sex offender was irrelevant and tangential. *Id.* at 26; SCR, at 220–21. Nevertheless, the trial court allowed defense counsel to ask Ms. Bernard if she was familiar with the sex offender registration requirements. SCR, at 26; SCR, at 220. The trial court also allowed petitioner to testify that he was worried that the children might be sexually molested if they stayed with Ms. Barnard and her boyfriend. SCR, at 26; SCR, at 537. During cross-examination, defense counsel asked Ms. Barnard if her legal situation regarding the children would be better if petitioner were convicted of the charges. She responded, "I guess." *Id.*; SCR, at 400. Asked if she was familiar with the sex offender registration requirements and what it does to a person, Ms. Barnard responded, "Not really." SCR, at 26; SCR, at 400. Defense counsel then asked, "[D]on't you know the requirements of a sex offender registry through your boyfriend?" SCR, at 26; SCR, at 400. The trial court sustained the State's objection, reasoning that while there could be some probative value to the testimony,

the prejudicial impact outweighed it. SCR, at 26; SCR, at 400, 411. The state appellate court found that the trial court had neither abused its discretion nor violated petitioner's constitutional right to present a defense by choosing to exclude further testimony regarding the status of Ms. Barnard's live-in boyfriend as a registered sexual offender. SCR, at 26. The Washington Court of Appeals reasoned: (1) the requested cross-examination had minimal relevance; (2) the evidence of a sex registration requirement would be highly prejudicial while it was only tangential to the case; and (3) the trial court minimized any prejudice by allowing defense counsel to ask if Ms. Barnard was familiar with the sex registration requirements. SCR 26–27.

The Washington Court of Appeals reasonably determined that the trial judge did not violate petitioner's right to confront and cross-examine witnesses by excluding evidence that Ms. Barnard lived with a registered sex offender. Such testimony was relevant only to the extent it supported petitioner's theory that Ms. Barnard understood that petitioner would be stripped of his parental custodial rights based on his conviction as a sex offender such that she had coached OW into lying and colluded with petitioner's former girlfriend Ms. Reynolds to invent the allegations. It should be self-evident that convictions for child rape and child molestation might affect custodial parent rights. Regardless, the state appellate court reasonably concluded that the trial court had considered the possible relevance of the evidence, considered its prejudicial effect on the jury, and limited prejudice to defendant by permitting defense counsel to inquire about Ms. Barnard's knowledge of the effects of being convicted as a registered sex offender but not permitting additional questions about the sex-offender status of Ms. Barnard's live-in boyfriend. Ms. Barnard's boyfriend did not testify at trial and was not accused of raping or molesting the victim. Petitioner has not shown that the state court adjudication of this claim was contrary to, or

REPORT AND RECOMMENDATION - 7

an unreasonable application of, clearly established law, or was based on an unreasonable determination of the facts in light of the evidence.

### 2. Admission of Ms. Mendez's Expert Testimony

Petitioner contends the trial court erred by admitting Ms. Mendez's expert testimony regarding the general behavior of sexually abused children. Petitioner contends that the trial court erred by admitting this testimony because the Ms. Mendez never interviewed the child victim and thus had no ability to evaluate her as a potential victim. The Court finds that petitioner has failed to demonstrate that the state appellate court's rejection of his alleged constitutional violation was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.

Although petitioner claims the admission of expert testimony violated his rights, the Supreme Court has not held the Constitution is violated by the admission of expert testimony even regarding an ultimate issue to be resolved by the trier of fact. *Moses v. Payne*, 555 F.2d 742, 761 (9th Cir. 2009). Indeed, it is "well-established . . . that expert testimony concerning an ultimate issue is not per se improper." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir.2004) (internal quotation marks omitted) (alterations in original). Although "[a] witness is not permitted to give a direct opinion about the defendant's guilt or innocence . . . an expert may otherwise testify regarding even an ultimate issue to be resolved by the trier of fact." *United States v. Lockett*, 919 F.2d 585, 590 (9th Cir.1990).

The state court of appeals reviewed the trial court's determination for abuse of discretion "regarding the admission of expert testimony under ER 702." SCR, at 23. The state court first addressed petitioner's contention the expert testimony was too "attenuated" to be helpful to the

jury. The state court of appeals rejected the contention noting that Washington State cases "'have made clear that expert testimony generally describing symptoms exhibited by victims may be admissible when relevant and when not offered as a direct assessment of the victim's credibility.'" SCR, at 24 (quoting *State v. Stewes*, 794 P.2d 38 (Wash. Ct. App. 1990)). In petitioner's case, the state court of appeals found the expert testified about behavioral changes in sexual abuse victims, delayed reporting, and the effects of gifting but did not impermissibly testify that the victim fit any profile of abuse and did not rely upon an unusual technique or theory as a basis for her testimony. SCR, at 24. The state court of appeals concluded the trial court did not abuse its discretion in admitting the testimony because it may have helped the jury understand the evidence about behavior changes, gifting, and delayed reporting. SCR, at 25.

      Here, the expert did not offer a direct opinion about petitioner's guilt or innocence. Because there is no of clearly established Supreme Court precedent that the admission of expert testimony violates the constitution, the admission of the testimony, alone, is not grounds for relief. *See Hill v. Virga*, 588 F. App'x 723, 724 (9th Cir. 2014) (rejecting claim that admission of expert testimony violated due process because of absence of clearly established Supreme Court precedent). Habeas relief is only warranted if the admission of the expert testimony "'rendered the trial so fundamentally unfair as to violate due process.'" *Dillard v. Roe*, 244 F.3d 758, 766 (9th Cir. 2001) (quoting *Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998)); *see also Spivey v. Rocha*, 194 F.3d 971, 977-78 (9th Cir. 1999) ("[A] state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process."). The due process inquiry in federal habeas review is whether the admission of evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. *See Holley v. Yarborough,* 568 F.3d 1091, 1101 (9th Cir.2009);

REPORT AND RECOMMENDATION - 9

*Walters v. Maass*, 45 F.3d 1355, 1357 (9th Cir. 1995).

The Supreme Court has not held that the type of expert testimony given in petitioner's case renders a trial fundamentally unfair in violation of due process. Hence the Court cannot say the state courts' determination is contrary to clearly established Supreme Court law. Additionally, the Ninth Circuit has noted expert testimony about child sexual assault victims' common behaviors and circumstances of disclosure following their abuse has been admitted "in federal child-sexual-abuse trials, when the testimony concerns general characteristics of victims and is not used to opine that a specific child is telling the truth." *Brodit v. Cambra*, 350 F.3d 985, 991 (9th Cir. 2003) (citing *United States v. Bighead*, 128 F.3d 1329 (9th Cir. 1997) (per curiam)). Here, the state court found the expert did not offer a direct assessment of the victim's credibility, and instead limited her testimony to behavioral changes in sexual abuse victims. Consistent with Ninth Circuit law, the Court finds that the petitioner has not shown that the state-court admission of expert Ms. Mendez's testimony was contrary to, or an unreasonable application of, established federal law, or was the result of an unreasonable determination of the facts in light of the evidence.

3.  **Cumulative Error**

Petitioner contends that the trial court committed unconstitutional cumulative error based on Grounds 1 and 2 combined with the appellate court's reversal of the exceptional sentence based on a state-law violation. Although this claim remains unexhausted, the Court need not refrain from addressing it because petitioner does not raise a colorable constitutional claim. *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim."). The Court finds that petitioner has failed to show the state

REPORT AND RECOMMENDATION - 10

court adjudication demonstrated cumulative error that was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding.

"The Supreme Court has clearly established that the combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) and [*Chambers v. Mississippi*, 410 U.S. 284, 294 (1973)). "[T]he fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether the errors rendered the criminal defense 'far less persuasive,' . . . and thereby had a 'substantial and injurious effect or influence' on the jury's verdict." *Parle*, 505 F.3d at 928 (citations omitted). Relief is warranted only when there is a "unique symmetry" of otherwise harmless errors such that they amplify each other in relation to a key contested issue in the case. *Ybarra v. McDaniel*, 656 F.3d 984, 1001 (9th Cir. 2011).

No such symmetry of error exists here. As discussed earlier, petitioner's Grounds 1 and 2 lack merit. Moreover, the Washington Court of Appeals addressed and remedied the state constitutional error regarding the inappropriate judicial comment on the evidence via the exceptional sentence instructions containing a definition of a "prolonged period of time" as "more than a few weeks." The Court reversed the exceptional sentence and remanded for the trial court, if requested, to impanel a jury to consider evidence regarding aggravating factors. SCR, at 27–28.

REPORT AND RECOMMENDATION - 11

The Court finds that the petitioner has failed to demonstrate any error that was not already addressed and remedied by the state courts. He has not, therefore, demonstrated a colorable constitutional claim or that cumulative error requires federal habeas relief.

## EVIDENTIARY HEARING

In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The statute bars consideration of evidence presented for the first time in federal court. *Id.* Moreover, an evidentiary hearing is rendered pointless by *Pinholster* if this Court determines that 28 U.S.C. § 2254(d) precludes habeas relief on the merits. *See Id.* at 203 n. 20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record resulted in a decision 'contrary to' or 'involv[ing] an unreasonable application ' of federal law, a writ of habeas corpus 'shall not be granted' and our analysis is at an end."); *see also, Sully v. Ayers,* 725 F.3d 1057, 1075-76 (9th Cir. 2013) (lower court did not abuse its discretion in denying evidentiary hearing on ineffective assistance claims that had been adjudicated in state court).

Petitioner has failed to justify why he should be afforded a federal evidentiary hearing because (1) the federal habeas statute bars consideration of evidence presented for the first time in federal court, and (2) an evidentiary hearing in federal court would be futile because he has offered no cognizable ground for habeas relief.

## PENDING MOTIONS

Petitioner moves to strike and dismiss respondent's answer, and for summary judgment. Dkts. 14, 15. He alleges that he received a copy of the answer via mail but should have received it electronically. Dkt. 14, at 1. The notice of electronic filing that the system automatically

REPORT AND RECOMMENDATION - 12

produces when a party electronically files a document shows that the electronic system served him.[3] Dkt. 11. Regardless, petitioner admits that he received both the answer and the state court record. *Id.*

In accordance with the Court's local rules and electronic filing guidelines, respondent electronically filed the answer and the pleading regarding the submission of the state court record. Dkts. 11, 12. Respondent did not include a certificate of service for the answer because the local rules and electronic filing guidelines provide that a certificate of service is not necessary when the recipient will receive the documents through the electronic filing system. *See* Local Rule 5(f). Also, in accordance with the Court's local rules and electronic filing guidelines, respondent mailed petitioner a copy of the relevant state court record. Dkts. 12, 12-1. Respondent provided a certificate of service because respondent served those documents on petitioner by mail. Dkt. 12, at 3. In accordance with the practice developed by this Court, respondent mails the state court record to *pro se* petitioners confined in prison so as not to burden prison staff with the printing of extensive records.

The Court finds that petitioner has stated no basis to strike or dismiss the answer, and has stated no basis to grant summary judgment in his favor. If petitioner had sought an extension of time due to having received the answer late, the Court would have granted it. That petitioner timely filed his traverse has mooted that concern. The Court recommends denying plaintiff's motion to strike and dismiss the answer and motion for summary judgment. Dkts. 14, 15.

---

[3] Administrative notes from the Western District of Washington's Clerk's Office note that a paper copy of the answer was sent to petitioner directly from the Court. Prison staff informed the Court that they had provided petitioner only with the notice of electronic filing of the answer out of concern that petitioner's safety would be compromised by printing the document within the institution. This may explain why petitioner received respondent's answer after receiving the notice of electronic filing of the answer.

REPORT AND RECOMMENDATION - 13

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court finds that no jurist of reason would disagree with the conclusions that Grounds 1, 2, and 3 lack merit or could reasonably conclude that that the issues presented are adequate to deserve encouragement to proceed further. The Court therefore recommends denying petitioner the issuance of a certificate of appealability.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **February 28, 2022.** The Clerk should note the matter for **March 4, 2022**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will

then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 18 pages. The failure to timely object may affect the right to appeal.

DATED this 4th day of February, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 15